Wachovia Bank, N.A. v Nivar (2021 NY Slip Op 07575)





Wachovia Bank, N.A. v Nivar


2021 NY Slip Op 07575


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-04375
 (Index No. 24209/08)

[*1]Wachovia Bank, National Association, etc., plaintiff,
v
Lilian Nivar, et al., appellants, et al., defendants; HSBC Bank USA, National Association, etc., nonparty-respondent.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Gross Polowy LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Kerren B. Zinner], of counsel), for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Lilian Nivar and Jose Luis Nivar appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered January 17, 2019. The order, insofar as appealed from, (1) granted that branch of the plaintiff's motion which was for leave to reargue those branches of its prior motion which were for leave to enter a default judgment against those defendants and for an order of reference, which had been denied in an order of the same court entered February 26, 2015, and, in effect, to reargue its opposition to those defendants' motion to dismiss the complaint insofar as asserted against them, which had been granted in an order of the same court entered March 3, 2015, and (2), upon reargument, in effect, vacated a portion of the order entered February 26, 2015, vacated the order entered March 3, 2015, and, thereupon, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against those defendants and for an order of reference and, in effect, denied those defendants' motion to dismiss the complaint insofar as asserted against them.
ORDERED that the order entered January 17, 2019, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants Lilian Nivar and Jose Luis Nivar (hereinafter together the defendants), among others, to foreclose a mortgage on real property located in Queens. Neither of the defendants answered the complaint. By order entered February 26, 2015, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference. By order entered March 3, 2015, the court granted the defendants' motion to dismiss the complaint insofar as asserted against them.
The plaintiff moved, inter alia, for leave to reargue those branches of its prior motion which were for leave to enter a default judgment against the defendants and for order of reference and, in effect, to reargue its opposition to the defendants' motion to dismiss the complaint insofar as asserted against them. In an order entered January 17, 2019, the Supreme Court, among other things, granted leave to reargue and, upon reargument, in effect, vacated a portion of the order entered February 26, 2015, vacated the order entered March 3, 2015, and, thereupon, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the [*2]defendants and for an order of reference, and, in effect, denied the defendants' motion to dismiss the complaint insofar as asserted against them. The defendants appeal.
Contrary to the defendants' contention, service of the complaint was not defective as to the defendant Jose Luis Nivar (hereinafter Nivar). CPLR 308 requires that service be attempted by personal delivery of the summons "to the person to be served" (CPLR 308[1]), or by delivery "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" (CPLR 308[2]). "Service pursuant to CPLR 308(4), commonly known as affix and mail service, may be used only where service under CPLR 308(1) or (2) cannot be made with 'due diligence'" (HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d 883, 884, quoting CPLR 308[4]).
Here, the process server's affidavit, which reflects that he made three attempts to effect personal service at Nivar's residence at different times on different days when Nivar could reasonably be expected to be home, constituted prima facie evidence of proper service pursuant to CPLR 308(4) (see HSBC Mtge. Corp. [USA] v Hollender, 159 AD3d at 884). Nivar's bare, unsubstantiated denial of service was insufficient to rebut the presumption of proper service or to warrant a hearing (see U.S. Bank N.A. v Nakash, 195 AD3d 651, 652-654; Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 760).
The defendants' remaining contention is without merit.
MILLER, J.P., DUFFY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court